UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

FILED/REC'D
2025 NOV 20 P 12: 12
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

Shaun P. Duerr, individually and as next friend of N.D., a minor,
Plaintiff,
v.
Rusk County Circuit Court, through its officers and agents;
Judge Annette Barna, in her official capacity;
Bryce Schoenborn, Guardian ad Litem;
Beth Duerr, individually and in concert with state actors,
Defendants.

Case No.: [To Be Assigned]     25 CV 957 WMC

---

## EMERGENCY MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO FRCP 65 TO HALT ADA RETALIATION, ENFORCE §504 RIGHTS, AND RESTORE LEGAL CUSTODY

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff respectfully moves this Court for an emergency preliminary injunction restoring his parenting time and legal placement rights, which are currently suspended through unlawful, retaliatory, and procedurally defective state court action. This motion is brought to prevent irreparable harm to a minor child, N.D., whose educational and psychological well-being is being obstructed through coordinated actions taken under color of state law.

---

### I. INTRODUCTION

This motion seeks immediate federal intervention to restrain a pattern of unlawful retaliation by state actors who have weaponized custody orders to punish a disabled parent's protected advocacy under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and the Individuals with Disabilities Education Act (IDEA), including:

- Retaliatory removal of legal and physical custody;
- Suppression of educational rights under the IDEA and Section 504; and
- Denial of ADA-mandated participation and accommodation in the care of a disabled child.

Custody and legal decision-making were stripped:

- Without motion;
- Without evidentiary hearing;
- Under "findings of fact" that lack any best-interest analysis or findings of harm;

- And immediately following Plaintiff's exercise of protected rights under the ADA, IDEA, and §504.

The orders enforcing these deprivations were ghostwritten by adversarial actors—including the Guardian ad Litem and opposing counsel—and rubber-stamped by Judge Annette Barna without proper judicial scrutiny or compliance with constitutional due process.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) (civil rights), and 42 U.S.C. §§ 1983, 1985, 12132 (ADA), and 794 (Rehabilitation Act §504). This Court also has jurisdiction under 20 U.S.C. § 1415(i)(3) to enforce the rights of minor children protected under the Individuals with Disabilities Education Act (IDEA). Plaintiff seeks prospective injunctive relief to halt ongoing violations of federal law and the United States Constitution by state officials acting under color of state law.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), as the events giving rise to the claims occurred in Rusk County, Wisconsin, which lies within the Western District of Wisconsin. All named Defendants reside in or operate within this jurisdiction.

Plaintiff appears pro se and in his capacity as next friend of N.D., a minor, pursuant to Federal Rule of Civil Procedure 17(c)(2). Plaintiff does not seek damages on behalf of the minor child, but instead requests narrowly tailored injunctive relief to restore federally mandated education access, halt unlawful retaliation under the ADA and §504, and prevent further harm to the child's developmental and psychological health.

**Next Friend Representation Under Rule 17(c)**

Plaintiff Shaun P. Duerr appears individually and in his capacity as *next friend* to N.D., a minor child, pursuant to Federal Rule of Civil Procedure 17(c)(2). This action is brought solely for the purpose of securing injunctive relief on behalf of N.D. to enforce her federally protected rights under the Individuals with Disabilities Education Act (IDEA), Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act (ADA). No claims for damages are asserted on behalf of the minor child, and Plaintiff does not seek to litigate any private cause of action in her name. Rather, Plaintiff seeks prospective relief necessary to protect N.D.'s access to trauma-informed education, disability-related medical care, and participation in federally mandated educational planning, which have been obstructed through actions taken under color of state law. Courts have recognized the appropriateness of pro se next-friend representation under these limited and emergency circumstances where the child's health, education, and federally guaranteed rights are at immediate risk.

## III. STATEMENT OF FACTS

Plaintiff is a disabled father and the legal guardian of N.D., a six-year-old child with federally recognized rights to trauma-informed care and special education access. In exercising these rights, Plaintiff became the target of coordinated retaliation by both private and state actors acting under color of law. Between April and September 2025, Plaintiff pursued therapy, special education referrals, and federal rights protection—all of which triggered intensifying obstruction and retaliation by Petitioner Beth Duerr and state court actors. The July 24 hearing marks the formal shift in the Court's posture—from passive obstruction to overt retaliation—triggered by Plaintiff's assertion of federally protected advocacy and access rights.

On **July 24, 2025**, Judge Barna made clear that Plaintiff's advocacy on behalf of N.D.'s suspected ADHD diagnosis was "not in her best interest," characterizing it as overreach and suggesting Plaintiff was "not qualified" to discuss such matters. (Exhibit 10) This language, spoken in open court and documented in the transcript, foreshadowed a coordinated judicial posture of ADA retaliation and medical gatekeeping—one that would culminate in subsequent placement suspension and psychological control.

On **July 29, 2025,** an order was entered purporting to modify custody authority without evidentiary basis or triggering motion. (Exhibit 11) That order would later be used as the procedural anchor to strip Plaintiff of legal custody, suspend placement, and override federally protected participation rights—despite lacking any findings of harm, abuse, or unfitness.

On **July 29, 2025,** Plaintiff formally filed federal ADA and Section 504 notices into the Rusk County record, placing both himself and his daughter under protection of federal disability law. (Exhibit 1)

In direct response:

- On **August 5, 2025**, Petitioner filed an affidavit characterizing these filings as evidence of Plaintiff's mental instability and requested a compelled psychological evaluation and drug testing. (Exhibit 2)
- On **September 1, 2025,** the school district initiated a **Child Find referral** recommending four IDEA evaluations for N.D. (Exhibit 3)
- On **September 10,** Plaintiff filed a notice documenting the referral and asserting N.D.'s protected rights. (Exhibit 3)
- On **September 11,** Petitioner filed a second affidavit opposing the referral and requesting sole legal custody, claiming the federal educational process was "unnecessary." (Exhibit 4)

Neither affidavit alleged harm or endangerment to the child.

On **October 6,** Plaintiff filed a **Notice of State-Sanctioned Harm** outlining the retaliation, educational obstruction, and harm to N.D.'s literacy. (Exhibit 5)

On **October 8 and 24,** Judge Barna issued custody suppression orders that were ghostwritten by the GAL and Petitioner's attorney. These orders:

- Contained "Findings of Fact" with **no allegations or findings of harm;**
- Were issued without motion or evidentiary hearing;
- Removed custody, ordered drug testing and psychological evaluations;
- And suspended Plaintiff's placement until compliance. (Exhibits 6–8)

Drug testing returned clean. Later court orders shifted concern to supposed "non-compliance" with medications, despite no medical basis or behavior change.

Between **October 22–29,** Plaintiff filed four emergency motions with the Wisconsin Court of Appeals raising ADA retaliation and constitutional violations. All were denied without substantive review. (Exhibit 9)

## IV. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, a preliminary injunction is appropriate where the movant demonstrates:

1. A likelihood of success on the merits;
2. A likelihood of irreparable harm in the absence of preliminary relief;
3. That the balance of equities tips in the movant's favor; and
4. That an injunction is in the public interest.
   (*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008))

Federal courts have affirmed the appropriateness of preliminary injunctions in analogous contexts involving educational rights, disability-based retaliation, and denial of federally protected services:

- *Doe v. Wood County Bd. of Educ.*, 888 F. Supp. 2d 771 (S.D.W. Va. 2012) (granting injunctive relief where public officials interfered with IDEA rights and parental participation);
- *Doe v. Pfrommer*, 148 F.3d 73 (2d Cir. 1998) (acknowledging ADA application in educational access disputes and distinguishing permissible vs. retaliatory conduct by state entities).

## V. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

Plaintiff has provided clear, well-documented evidence of:

- **ADA retaliation** for advocacy and accommodation requests, including mischaracterization of ADA filings as grounds for compelled evaluations and custody

removal (Exhibits 1 & 5). Such retaliation includes the **pathologization of ADA notices as psychiatric instability**, a tactic widely recognized in disability law as discriminatory and chilling. Judge Barna's July 24 transcript reflects direct judicial animus toward Plaintiff's protected ADA activity, including his effort to secure ADHD evaluations and accommodations for N.D. These remarks substantiate Plaintiff's claim that adverse orders were retaliatory, not protective. (Exhibit 10);
- **Procedural due process violations,** where custody was revoked via ghostwritten orders executed without motion, notice, or evidentiary hearing (Exhibits 2, 3, and 11). Exhibit 11, entered five days after the July 24 hearing, memorializes impasse reversal and custody restrictions without findings of harm, a triggering motion, or reference to N.D.'s educational needs;
- **IDEA and Section 504 violations,** as federally mandated Child Find evaluations were obstructed, and Plaintiff was excluded from his daughter's educational planning (Exhibit 4).

The **July 24, October 8,** and **October 24,** 2025 orders contain **no findings of harm or danger** to the child. Instead, they explicitly cite Plaintiff's "concerning filings" and refusal to submit to a compelled psychological evaluation—**direct retaliation** for protected activity under the ADA, IDEA, and §504.

These actions are **facially unconstitutional**, violating:

- **42 U.S.C. §12132** (ADA Title II – discrimination by public entities),
- **42 U.S.C. §12203** (ADA retaliation),
- **42 U.S.C. §794** (Rehabilitation Act §504),
- **42 U.S.C. §1983** (civil rights violations under color of law), and
- The **First and Fourteenth Amendments**, by penalizing protected speech and removing parental rights without due process.

## B. Plaintiff and N.D. Face Irreparable Harm

- **N.D. has been denied trauma-informed therapy, evaluations, and IDEA-mandated educational evaluations** at a critical stage of cognitive and emotional development. At six years old, early literacy and behavioral interventions are time-sensitive and foundational; missed opportunities during this developmental window carry long-term academic and psychological consequences.
- **The parent-child bond is actively being eroded** through unlawful placement suspension. The damage is amplified by the upcoming holiday season and N.D.'s approaching seventh birthday—milestones that carry emotional significance and the potential to reinforce or damage a child's sense of safety, identity, and relational trust.
- **Plaintiff's educational advocacy and parental support have been structurally severed** without cause, violating both his and N.D.'s federal rights. As a result, N.D. has no access to the federally mandated participation of her father in education and disability-based decision-making.
- **Plaintiff has been ordered to undergo a biased, adversarial psychological evaluation** handpicked by opposing parties and imposed without hearing, consent, or neutral

  safeguards. Such coerced and adversarial evaluations—especially when ordered in retaliation for protected ADA activity—create a **permanent taint on custody proceedings,** suppress further protected advocacy, and generate stigma that can impact future legal and medical determinations.
- These harms—developmental regression, emotional damage, and loss of federally protected access—**cannot be remedied after the fact**. An injunction is the only means to prevent further injury.

These harms are ongoing and **not compensable** by monetary damages. Only injunctive relief can restore lawful access to care and education.

### C. The Balance of Equities Strongly Favors Plaintiff

- Plaintiff seeks restoration of lawful parenting time that existed prior to October 10, 2025.
- The requested relief imposes **no burden on the state**—it simply enforces constitutional and federal compliance.
- N.D.'s health and education are being actively damaged by enforcement of orders rooted in bad faith, retaliation, and misrepresentation.

### D. An Injunction Serves the Public Interest

- The public has a compelling interest in preventing government retaliation against disability accommodation requests.
- Upholding the ADA, IDEA, and §504 ensures that disabled children and their caregivers receive services without fear of punishment.
- This Court has the authority—and responsibility—to enforce federal protections that state actors have openly undermined.

---

## VI. RELIEF REQUESTED

Plaintiff respectfully requests the following immediate and narrowly tailored relief:

1. **Immediate Suspension of Unlawful Orders**
   Temporarily enjoin enforcement of all **custody-related orders** issued post-**July 24, 2025,** including the **July 29** impasse order and the **October 8** and **24** custody and placement suspension orders— all entered without motion, notice, or evidentiary hearing.
2. **Restoration of Lawful Custody and Parenting Time**
   Reinstate Plaintiff's legal and physical custody as it existed prior to **July 24, 2025,** subject to any future lawful, noticed, and evidentiary state action.
3. **Immediate Bar Against Educational or Medical Obstruction**
   Prohibit any state actor or private party from interfering with federally protected evaluations, therapy access, or Plaintiff's educational advocacy on behalf of N.D. (Exhibit 4).

4. **Bar on Retaliatory Psychological Evaluations**
   Suspend any court-mandated psychological evaluations of Plaintiff that were ordered without motion, hearing, or showing of harm, and based on mischaracterized ADA notices (Exhibits 2 & 6).
5. **Set Rule 65(b) Hearing Within 10 Days**
   If any relief is granted ex parte, set a prompt hearing pursuant to Rule 65(b)(3) for continuation or modification of injunctive relief.

## VII. CONCLUSION

Plaintiff and his daughter are suffering from continued violations of federal disability law, due process rights, and educational access under color of state law.

The state court's orders, issued without proper motion or findings, cite no child endangerment or abuse—only Plaintiff's protected ADA filings, Child Find advocacy, and refusal to submit to retaliatory psychiatric control. These facts render the custody suspension unconstitutional and retaliatory on their face.

Plaintiff has exhausted state remedies, and the Wisconsin Court of Appeals has refused to engage the federal issues. This Court's intervention is not only justified—it is urgent.

**Plaintiff respectfully requests that this Court grant immediate injunctive relief to halt ongoing retaliation, restore lawful custody, and protect the federally guaranteed educational and medical rights of a vulnerable child.**

Without this Court's intervention, a disabled father's federally protected rights—and a six-year-old child's access to education, safety, and stability—will remain subject to retaliatory control by unaccountable state actors. The Constitution, and Congress's disability statutes, forbid this outcome

## VIII. SIGNATURE AND VERIFICATION

I, **Shaun P. Duerr**, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint, including all statements of fact and attached exhibits, is true and correct to the best of my knowledge, information, and belief.
This verification is made in good faith and for the purpose of securing redress for violations of federal and state law.

Executed this 17 day of November, 2025, at Saint Paul, Minnesota.

Respectfully submitted,

*[Signature]*

Shaun P. Duerr, *Pro Se*
Plaintiff, Individually and as Next Friend of N.D.
5800 American Blvd W, Apt 216
Bloomington, MN 55437
Tel: (630) 308-0462
Email: sduerr85@gmail.com